UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:13-57-KKC

TRON ANDERSON,     PETITIONER,

V.     **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

J.C. HOLLAND, *Warden,*     RESPONDENT.

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner, Tron Anderson, a prisoner currently incarcerated at the United States Penitentiary, McCreary, Kentucky, in Pine Knot, Kentucky, filed herein a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Record No. 1]. Petitioner seeks to challenge his South Carolina state court convictions in case numbers G664400, G664403, and G664530. [Id.] For the reasons set forth below, the undersigned will recommend Anderson's petition be transferred to the District of South Carolina.

I. BACKGROUND

Petitioner filed the instant petition on March 21, 2013. [Record No. 1.] Consistent with local practice, this matter was then referred to the undersigned for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

II. ANALYSIS

In Petitioner's instant 18 U.S.C. § 2254 petition, he challenges a guilty plea he entered in 2003 in South Carolina state court. As grounds, Petitioner asserts that his attorney never informed him that his state court convictions could be used in future federal court matters to enhance his criminal history category and could ultimately enhance a federal sentence.

According to Petitioner, had he known this, he would not have pled guilty to this underlying South Carolina state court matter, but would have insisted on going to trial.

An application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d). However, "the district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." Id.; *See also* 28 U.S.C. § 1404(a).[1] For example, an action may be transferred to the district in which the petitioner is currently being held, as the place of detainment may often be the most convenient forum for the parties. McCoy v. United States Bd. of Parole, 537 F.2d 962, 966 (8th Cir. 1976); Starnes v. McGuire, 512 F.2d 918, 928 (D.C. Cir. 1974). Conversely, a habeas petition may be transferred to the district court of the state in which the petitioner was convicted and sentenced, even if the petitioner was transferred to prison in a different state. Wilkins v. Erickson, 484 F.2d 969, 972 (8th Cir. 1973).

Here, venue is appropriate either in South Carolina, where Petitioner was convicted and sentenced, or in Kentucky, where Petitioner is currently detained. However, the convenience of the parties and the witnesses, and the interest of justice, would best be served by transferring this case to the United States District Court for the District of South Carolina. South Carolina, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records. The Eastern District of Kentucky is merely the district in which Petitioner is currently detained. It is a South Carolina judgment that is under attack. Finally, the

---

[1] 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."


Petitioner argues that the judgment from South Carolina was used to enhance his federal sentence, also imposed in the United States District Court sitting in South Carolina. Accordingly, South Carolina's Attorney General, not Kentucky's, must defend it. *See* Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973).

### III. CONCLUSION

Accordingly, for the reasons set forth above, it is RECOMMENDED that this matter be transferred to the United States District Court for the District of South Carolina for further consideration.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed March 27, 2013.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge